IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:12CR00054-01-BRW

REGINALD LEMONT THOMAS

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc.

No. 29) is DENIED.

## I.      BACKGROUND

On July 10, 2013, Defendant pled guilty to one count of conspiracy to distribute crack

cocaine.[1]  On October 11, 2013, he was sentenced to 120 months in prison.[2]

## II.     DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit

less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that

release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must

first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1]Doc. Nos. 18, 20.

[2]Doc. Nos. 22, 23.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant has provided a copy his request to the warden for compassionate release and the

warden's denial of the request.  However, based on the record, it does not appear that Defendant

appealed the denial, so he has not exhausted his administrative remedies.

Even if this Court had jurisdiction, the request would be denied.  In support of his

motion, Defendant alleges this his diabetes, asthma, and high blood pressure put him at a higher

risk of suffering from COVID-19.  First, diabetes, asthma, and high blood pressure are not

"extraordinary and compelling" reasons to support his release.  Although the First Step Act did

not define this phrase, it defers to the United States Sentencing Guidelines, which does set out

examples.[5]  Defendant's health conditions are not listed.  Defendant has provided no argument or

evidence to show that his health conditions are severe enough to prevent him from independently

functioning within the prison.  Second, to the extent it is it being alleged by Defendant, "fear of

contracting COVID-19 or of experiencing more intense symptoms than the average person are

not extraordinary or compelling enough reasons for release."[6]  Third, Defendant is 50 years old,

which means he does not meet the age requirement under the Guidelines.

---

[5]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has two prior drug-related convictions.  In fact, Defendant committed the instant offense while on parole for a prior drug conviction.

The severity of the instant offense must also be considered.  Defendant, while on parole for a previous drug-distribution offense, was distributing crack cocaine around Craighead County, Arkansas.  After officers stopped Defendant for a traffic violation they found five ounces of crack cocaine in his pocket.  Notably, the instant offense occurred after Defendant had been two previous conviction for distributing crack cocaine.  Accordingly, he was sentenced as a career offender.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 29) is DENIED.

IT IS SO ORDERED, this 12th day of August, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE